**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Renner, | No. CV-24-00530-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Nicholas Renner initiated this action on October 30, 2024. (Doc. 1.) The Court dismissed the original Complaint for failure to state a claim on screening under 28 U.S.C. § 1915A. (Doc. 10.) Plaintiff then filed the currently operative First Amended Complaint ("FAC"). (Doc. 15.) In a November 12, 2025 Screening Order, the Court dismissed Defendant Ryan Thornell, required Defendants CO II Brooks and Sgt. Lappit to answer Count I, and required Defendant RN Caldwell to answer Count II. (Doc. 16.) Defendant Lappit filed an Answer to the FAC on January 12, 2026 (Doc. 23), and the Court issued a Scheduling Order the following day (Doc. 24).

Currently pending before the Court is Plaintif's Motion to Amend Complaint (Doc. 40), Motion for Service Instructions (Doc. 62), and Motion for Extension of Remaining Deadlines (Doc. 63).[1]

## I.    Motion to Amend

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") "to add newly

---

[1] Plaintiff's Motion for Preliminary Injunction (Doc. 34) will be resolved separately.

discovered facts and properly name responsible Defendants." (Doc. 40 at 2.)[2] Defendant Lappit filed a Response, arguing that Plaintiff's Motion to Amend should summarily be denied because Plaintiff failed to comply with Local Rule of Civil Procedure ("LRCiv") 15.1 and because Plaintiff's attempt to add a multitude of Doe Defendants is untimely. (Doc. 47.) In reply, Plaintiff avers that he was not previously aware how to name unknown defendants. (Doc. 53.)

With the exception of amendments made as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should freely be given "when justice so requires." *Id.* In determining whether to grant leave to amend, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A party moving for leave to amend must provide a copy of the proposed amended pleading and "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a).

As an initial matter, even though this Court expressly warned Plaintiff in the November 12, 2025 Screening Order that any amended complaint must comply with LRCiv 15.1 (Doc. 16 at 8), Plaintiff's proposed SAC does not "indicate in what respect it differs" from the FAC "by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). Plaintiff's failure to comply with LRCiv 15.1 makes it burdensome for the Court to evaluate Plaintiff's proposed amendment and determine in what respects the proposed SAC differs from the FAC.

Plaintiff's lodged SAC[3] names Thornell, Brooks, Lappit, and Caldwell as defendants, in addition to eight John Doe correctional officers, two Jane Doe correctional

---

[2] All record citations refer to the page numbers generated by the Court's electronic filing system.
[3] Plaintiff erroneously labeled the document "Thrid [sic] Amended Complaint." (Doc. 41 at 1.)

officers, and one Jane Doe psychologist. (Doc. 41 at 1-2.) Like the FAC, Plaintiff's proposed SAC asserts two Eighth Amendment claims, one alleging excessive force and the other alleging inadequate medical care. (*Compare* Doc. 15, with Doc. 41.) It appears that the factual allegations of the FAC and proposed SAC are substantively similar, and that the primary difference between the FAC and proposed SAC is the addition of Doe Defendants and the re-allegation of a claim against Thornell.

Plaintiff's proposed amendment relating to Defendant Thornell is futile. In the Court's November 12, 2025 Screening Order, the Court dismissed Thornell because Plaintiff's FAC made only vague and conclusory assertions against him and did not allege facts to support that Thornell knew or should have known that any of the other Defendants were violating an injunction issued in *Jensen v. Thornell*, CV 12-00601-PHX-ROS, regarding the use of restraints on mentally ill prisoners. (Doc. 16 at 5-6.) Plaintiff's proposed SAC re-alleges a claim against Thornell, but the allegations made in the proposed SAC against Thornell suffer from the same defects previously identified by the Court. (*See* Doc. 41 at 8-9.)

The Court also finds that considerations of futility and undue delay weigh against allowing Plaintiff to add a multitude of Doe Defendants at this stage of the proceedings, 1.5 years after initiation of this lawsuit. "Generally, the use of Doe-type appellations to identify defendants is not favored, because as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unknown Doe defendant." *Dill v. Ives*, No. 10-1494 W (CAB), 2010 WL 3076293, at *3 n.2 (S.D. Cal. Aug. 6, 2010). When the identity of defendants is unknown prior to the filing of a lawsuit, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Discovery in this action commenced when the Court issued its Scheduling Order on January 13, 2026. (Doc. 24.) By the time Plaintiff filed his Motion to Amend Complaint

- 3 -

on March 3, 2026, he had already had nearly two months of discovery in which to ascertain the names of any unknown defendants. Plaintiff filed his proposed SAC only ten days before the then-existing deadline for joining parties and amending pleadings. (*See* Doc. 24 at 2.)   Adding a multitude of Doe Defendants at this stage of the case would risk circumventing the Court's Scheduling Order and causing undue delay. *See In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*, No. 09-md-02096-PHX-FJM, 2010 WL 2308388, at *2 (D. Ariz. June 9, 2010) (denying motion to add a Doe defendant where it would circumvent Scheduling Order's deadline for joining additional parties).  Furthermore, if Plaintiff cannot timely move to substitute the actual names of the Doe Defendants, then allowing Plaintiff to add the Doe Defendants would be futile, because the United States Marshals Service would be unable to complete service of process on the unknown Defendants.

As discussed below, the Court will grant a 30-day extension of Scheduling Order deadlines, including the deadline for moving to amend pleadings and join parties. Accordingly, if Plaintiff learns—prior to the expiration of that extended deadline—the identity of any previously unknown individuals that he would like to name as defendants, he may move to file an amended complaint.[4]  However, the Court declines to allow Plaintiff to add a multitude of Doe Defendants at this stage of the case, and the currently pending Motion to Amend will be denied.

## II.    Motion for Service Instructions

On December 15, 2025, the United States Marshals Service filed Process Receipt and Return forms indicating Caldwell and Brooks could not be served at the address provided by Plaintiff. (Docs. 17, 18.)  The Court issued an Order to Show Cause, requiring Plaintiff to file a response showing good cause for an extension of the deadline for serving Defendants Caldwell and Brooks. (Doc. 25.)  After Plaintiff filed his Response (Doc. 27), the Court twice extended the service deadline (Docs. 31, 54) and ordered counsel for Defendant Lappit to provide under seal the last-known addresses of Caldwell and Brooks

---

[4] Any re-filed motion to amend must comply with Federal Rule of Civil Procedure 15 and LRCiv 15.1.

(Doc. 46). The United States Marshals Service re-attempted service at the last-known addresses provided by defense counsel. (Docs. 59, 60.) Caldwell has now answered the Complaint (Doc. 64), but Brooks could not be served at the last-known address provided, due to a missing apartment number in the address (Doc. 59).

Plaintiff then filed a Motion for Service Instructions, requesting "instructions on how to go about serving Defendant Brooks," and stating that Plaintiff's ability to effectuate service is dependent upon defense counsel and the Court. (Doc. 62.) As this Court has repeatedly explained (Docs. 25, 31), although "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint," it is still the plaintiff's responsibility to "provide[] the necessary information to help effectuate service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). District judges, as impartial decisionmakers, "have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Accordingly, the Court will deny Plaintiff's Motion for Service Instructions.

Plaintiff has until June 2, 2026, to serve Defendant Brooks. (Doc. 54 at 2.) If Plaintiff fails to provide an address at which the United States Marshals Service can effectuate service on Defendant Brooks, then Defendant Brooks will be dismissed for failure to serve.

### III.    Motion for Extension of Remaining Deadlines

On May 8, 2026, Plaintiff filed a Motion seeking an extension of all remaining deadlines set forth in the Court's Scheduling Order, due to difficulties Plaintiff has experienced in his attempts to obtain relevant records as well as the service delays with respect to Defendants Caldwell and Brooks. (Doc. 63.) Defendant Lappitt filed a Response, stating that he agrees to a 30-day extension of remaining deadlines. (Doc. 65.) Plaintiff filed a Reply, stating that a 30-day extension is insufficient. (Doc. 66.)

The Court finds good cause to grant a 30-day extension of all remaining Scheduling Order deadlines. If necessary, the parties may move in the future for a further extension upon a showing of good cause.

**IT IS ORDERED**:

1. Plaintiff's Motion to Amend (Doc. 40) is **denied**.

2. Plaintiff's Motion for Service Instructions (Doc. 62) is **denied**.

3. Plaintiff's Motion for Extension of Remaining Deadlines (Doc. 63) is **granted**, and the deadlines set forth in the revised Scheduling Order (Doc. 46) are **extended**, as follows:

   a. The deadline for moving to amend pleadings or join additional parties is extended to **June 15, 2026**.

   b. Dispositive motions addressing the exhaustion of administrative remedies shall be filed on or before **June 15, 2026**.

   c. The deadline for initial expert witness disclosure is **July 22, 2026**. Disclosure of rebuttal expert testimony, if any, shall be completed no later than **August 12, 2026**.

   d. The parties shall disclose a witness list no later than **August 12, 2026**.

   e. All discovery shall be completed on or before **September 10, 2026**.

   f. The parties shall file a jointly prepared settlement status report by **September 16, 2026**.

   g. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **October 12, 2026**.

   h. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** after resolution of dispositive motions after the end of discovery or, if no such motions are filed, on or before **November 2, 2026**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

i.   All other provisions of the Court's January 13, 2026 and March 19, 2026 Scheduling Orders (Docs. 24, 46) remain in full force and effect.

Dated this 26th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge